[Civ. No. 7342. First Appellate District, Division Two.—August 6, 1930.]

ERNESTO VEDOVI, Appellant, v. G. DEMARTINI, Respondent.

Sherman & Peters and Walter S. Rountree for Appellant.

Sylvester Andriano and William K. Lowery for Respondent.

STURTEVANT, J.—The plaintiff, as a realtor, sued to recover commissions alleged to be due under a listing agreement. The court made findings against the plaintiff and from a judgment entered thereon he has appealed.

The plaintiff pleaded *in haec verba* a written contract which contained a covenant that "in case a sale is made within ninety (90) days after the termination of this agreement at the above mentioned price or for any different price or terms or conditions other than those herein specified to a party or parties with whom said agent negotiated during its life, I agree to pay the said agent the commission hereinabove provided." He also pleaded that during the life of his contract he negotiated with Damito Del Bueno, who later bought the property within the 90-day period. The trial court made findings against the plaintiff. There was evidence to sustain those findings. The plaintiff introduced evidence that he and his agents negotiated with Del Bueno and with his sister and her son, who were, he claimed, the agents of Del Bueno. But Del Beuno testified that the plaintiff and his agents never negotiated with him and that he had never appointed his sister and her son as his agents. The conflict in the evidence was addressed to the trial court and may not be disturbed by a court of review.

When the agreement sued on was executed the defendant owned only a three-fourths interest. The contract contained express words covering only that interest. After the termination of the contract the defendant bought the other one-fourth interest. He then sold the entire fee to Del Bueno. Because the latter was ready, able and willing to buy, and did buy, the whole interest, the plaintiff contends that the finding that he was not ready, able and willing to buy a three-fourths interest necessarily falls. Not so. Such facts would indicate the purchaser was able, but they would not in the least indicate that he was ready or willing to purchase a fractional interest in a vacant lot on which he intended to build a house.

The plaintiff's contract did not in terms contemplate nor provide that the defendant was to purchase the outstanding interest and then sell the fee, nor did it provide that if he did so, the plaintiff should have any com-

pensation in that event. To hold otherwise is to make a new contract for the parties.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 5, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 2, 1930.